# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

22-1615

## UNITED STATES OF AMERICA,

Appellee,

v.

## ANDREW SCOTT SCANLAN,

Appellant.

*APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE*
*SOUTHERN DISTRICT OF IOWA*
*HONORABLE JAMES E. GRITZNER, SENIOR U.S. DISTRICT JUDGE*

## APPELLANT'S BRIEF

### Heather Quick
*FEDERAL PUBLIC DEFENDER'S OFFICE*
222 Third Avenue SE, Suite 290
Cedar Rapids, IA 52401
PHONE: (319) 363-9540
FAX: (319) 363-9542

ATTORNEY FOR APPELLANT

## SUMMARY OF THE CASE

Defendant, Andrew Scanlan (hereinafter "Scanlan"), pleaded guilty in the Southern District of Iowa to two counts of production of child pornography and one count of offense by a registered sex offender. The district court sentenced Scanlan to 840 months of imprisonment, to be followed by a ten-year term of supervised release. The court also imposed the following special condition of supervised release: You must not contact the victim(s), nor the victim's family without prior permission from the U.S. Probation Officer.

Scanlan now appeals, raising three arguments. First, he asserts his statutory maximum sentence is substantively unreasonable. The district court erred in its weighing of the relevant factors, as the court focused almost exclusively on the seriousness of the offense. Next, the Court erred in imposing a special condition of supervised release that required Scanlan to obtain U.S. Probation Officer permission before contacting any member of the victims' family. Relatedly, the court erred in imposing this special condition without conducting an individualized assessment.

Appellate Case: 22-1615    Page: 2    Date Filed: 07/18/2022 Entry ID: 5178218

# TABLE OF CONTENTS

SUMMARY OF THE CASE.................................................................. i

TABLE OF AUTHORITIES ........................................................... iii

JURISDICTIONAL STATEMENT.................................................. iv

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ......................1

STATEMENT OF THE CASE ......................................................... 2

SUMMARY OF THE ARGUMENT ...............................................10

ARGUMENT ........................................................................ 11

    I.    SCANLAN'S DE FACTO LIFE SENTENCE IS SUBSTANTIVELY UNREASONABLE BECAUSE THE COURT FOCUSED ALMOST EXCLUSIVELY ON THE SERIOUSNES OF THE OFFENSE.  . ...............................................11

    II.    THE SPECIAL CONDITION OF SUPERVISED RELEASE REQUIRING PERMISSION BEFORE CONTACTING THE VICTIMS' FAMILY IS AN ABUSE OF DISCRETION...............16

    III.    THE DISTRICT COURT COMMITTED PLAIN ERROR BY FAILING TO CONDUCT AN INDIVIDUALIZED INQUIRY INTO THE SPECIAL CONDITION OF SUPERVISED RELEASE ON FAMILY CONTACT. ...........................................19

CONCLUSION ...................................................................... 20

CERTIFICATE OF FILING AND SERVICE...................................21

Fed. R. App. P. 32(a)(7) AND 8th CIR. RULE 28A(c) CERTIFICATION ... 22

Appellate Case: 22-1615    Page: 3    Date Filed: 07/18/2022 Entry ID: 5178218

# Table of Authorities

## Federal Cases

*Hill v. Colorado,* 530 U.S. 703 (2000).............................................................18

*United States v. Camp,* 410 F.3d 1042 (8th Cir. 2005)............................. 1, 17

*United States v. Dautovic*, 763 F.3d 927 (8th Cir. 2014) ...........................12

*United States v. Deatherage,* 682 F.3d 755 (8th Cir. 2012).......................16

*United States v. Forde*, 664 F.3d 1219 (8th Cir. 2012).....................1, 16, 19

*United States v. Green*, 691 F.3d 960 (8th Cir. 2012) ...............................11

*United States v. Jefferies*, 615 F.3d 909 (8th Cir. 2010) ...........................11

*United States v. Kane*, 639 F.3d 1121 (8th Cir. 2011) ............................ 1, 12

*United States v. Kelly*, 677 F.3d 373 (8th Cir. 2012). ...............................16

*United States v. Manning*, 738 F.3d 937 (8th Cir. 2014)............................11

*United States v. Martinez*, 821 F.3d 984 (8th Cir. 2016)............................12

*United States v. Miller*, 557 F.3d 910 (8th Cir. 2009).................................11

*United States v. Miner*, 544 F.3d 930 (8th Cir. 2008) .........................11, 12

*United States v. Pizano*, 403 F.3d 991 (8th Cir. 2005) .............................. 11

*United States v. Ristine*, 335 F.3d 692 (8th Cir. 2003).........................18, 19

*United States v. Scott*, 270 F.3d 632 (8th Cir. 2001) .................................17

*United States v. Shuler*, 598 F.3d 444 (8th Cir. 2010) ..............................11

*United States v. Simons*, 614 F.3d 475 (8th Cir. 2010) ..............................19

*United States v. Smith*, 606 F.3d 1270 (10th Cir. 2010) ........................ 1, 18

*United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015) ..................... 1, 19

## State Cases

*Dawson v. State*, 894 P.2d 672 (Alaska Ct. App. 1995)................................18

## Federal Statutes

18 U.S.C. § 2251(a)........................................................................... 3

Appellate Case: 22-1615    Page: 4    Date Filed: 07/18/2022 Entry ID: 5178218

18 U.S.C. § 2251(e) ............................................................................ 3

18 U.S.C. § 2252A(a)(1) ..................................................................... 3

18 U.S.C. § 2252A(a)(5)(B) ................................................................ 3

18 U.S.C. § 2252A(b)(1) ..................................................................... 3

18 U.S.C. § 2252A(b)(2) ..................................................................... 3

18 U.S.C. § 2260A ............................................................................ 3, 5

18 U.S.C. § 3553(a) ..................................................................... 1, 8, 11

18 U.S.C. § 3553(a)(1) .......................................................................16

18 U.S.C. § 3553(a)(2)(B-D) ......................................................... 16, 17

18 U.S.C. § 3583(d)(1) ......................................................................16

18 U.S.C. § 3583(d)(2) ......................................................................17

**Other**

USSG § 4B1.5(b)(1) ....................................................................5, 6, 7

USSG § 5D1.3 .................................................................................16

USSG § 2G2.1(b)(1)(A) ..................................................................... 4

USSG § 2G2.1(b)(2)(A) ..................................................................... 4

USSG § 2G2.1(b)(4)(A) ..................................................................... 4

USSG § 2G2.1(b)(5) ......................................................................... 4

USSG § 5G1.2(b) .............................................................................. 4

Appellate Case: 22-1615    Page: 5    Date Filed: 07/18/2022 Entry ID: 5178218

# JURISDICTIONAL STATEMENT

<u>The decision appealed</u>:    Scanlan appeals from the judgment of conviction and sentence entered against him on March 10, 2022.   Scanlan was sentenced to 840 months of incarceration and appeals his sentence.

<u>Jurisdiction of the court below</u>:    The United States District Court had jurisdiction over Scanlan's federal criminal prosecution pursuant to 18 U.S.C. § 3231 (2012):   "The district courts of the United States shall have original jurisdiction...of all offenses against the laws of the United States."

<u>Jurisdiction of this court</u>:    This Court has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291 (2012):   "The courts of appeals...shall have jurisdiction of appeals from all final decisions of the district courts of the United States...."

Scanlan filed a timely notice of appeal on March 23, 2022, from the judgment formally entered on March 10, 2022. *See* Fed. R. App. P. 4(b)(1)(A)(i).

Appellate Case: 22-1615     Page: 6     Date Filed: 07/18/2022 Entry ID: 5178218

# STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

**I.  SCANLAN'S DE FACTO LIFE SENTENCE IS SUBSTANTIVELY UNREASONABLE BECAUSE THE COURT FOCUSED ALMOST EXCLUSIVELY ON THE SERIOUSNESS OF THE OFFENSE.**

    1.    18 U.S.C. § 3553(a)

    2.    *United States v. Kane*, 639 F.3d 1121 (8th Cir. 2011)

**II.  THE SPECIAL CONDITION OF SUPERVISED RELEASE REQUIRING PERMISSION BEFORE CONTACTING THE VICTIMS' FAMILY IS AN ABUSE OF DISCRETION.**

    1.    *United States v. Camp*, 410 F.3d 1042 (8th Cir. 2005)

    2.    *United States v. Smith*, 606 F.3d 1270 (10th Cir. 2010)

**III.  THE DISTRICT COURT COMMITTED PLAIN ERROR BY FAILING TO CONDUCT AN INDIVIDUALIZED INQUIRY INTO THE SPECIAL CONDITION OF SUPERVISED RELEASE ON FAMILY CONTACT.**

    1.    *United States v. Forde*, 664 F.3d 1219 (8th Cir. 2012)

    2.    *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015)

Appellate Case: 22-1615   Page: 7   Date Filed: 07/18/2022 Entry ID: 5178218

## STATEMENT OF THE CASE

<u>Nature of the Case</u>:  This is a direct appeal by Scanlan following a guilty plea and sentence in the Southern District of Iowa on two counts of production of child pornography and one count of offense by a registered sex offender.   Scanlan appeals his sentence.

<u>Factual and Procedural Background</u>:

Law enforcement received a cyber-tip from the National Center for Missing and Exploited Children related to Scanlan's Tumblr account and email address. PSR ¶¶ 12-17.[1]   A video depicting child pornography was posted to Scanlan's Tumblr account.   *Id.*

Law enforcement obtained a search warrant for Scanlan's email account, which revealed additional child pornography.   *Id.*   The account included images and videos of Scanlan's ten-year old nephew, Child Victim #1, performing oral sex on Scanlan.   PSR ¶ 18-21.   The images and videos were taken over three separate occasions.   *Id.*   Scanlan's account also

---

[1] In this brief, the following abbreviations will be used:
  "R. Doc." -- district court clerk's record, followed by docket entry and page number, where noted;
  "PSR" -- presentence report, followed by the page number of the originating document and paragraph number, where noted; and
  "Sent. Tr." – Sentencing hearing transcript, followed by page number.

2

contained four separate images of Scanlan's four-year old niece's vagina. PSR ¶ 22.

Soon thereafter, law enforcement obtained a search warrant for Scanlan's cell phone. PSR ¶¶ 23-24. The cell phone contained additional child pornography files. *Id.*

Based upon this conduct, Scanlan was charged by superseding indictment in the Southern District of Iowa on three counts of production of child pornography, in violation of 18 U.S.C. §§ 2251(a),(e), one count of transportation of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1), (b)(1), one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and one count of offense by a registered sex offender, in violation of 18 U.S.C. § 2260A. R. Doc. 21.

No pretrial motions were filed, and Scanlan entered a guilty plea to two counts of production of child pornography and to the offense by a registered sex-offender count, pursuant to a plea agreement. R. Doc. 36. The two counts of child pornography were based upon two separate instances where Scanlan recorded videos of Child Victim #1 performing oral sex on Scanlan. *Id.* The remaining counts were to be dismissed at sentencing. *Id.* Scanlan waived any challenge to his convictions, but preserved the right to appeal his sentence. *Id.*

3

With the consent of the parties, Scanlan's plea was taken by Magistrate Judge Ross A. Walters, who filed a written report and recommendation that the plea be accepted. R. Doc. 37. There were no objections to the report, and on November 29, 2021, the district court formally accepted the plea. R. Doc. 39.

A draft presentence investigation report (PSR) was created. R. Doc. 40. The advisory Guideline range for the two production of child pornography counts were calculated separately, as the two counts did not group. PSR ¶ 30. However, the calculation on each count was identical.

The PSR recommended a base offense level of 32. PSR ¶¶ 32, 41. The PSR imposed a four-level increase because the offenses involved a minor who had not yet attained the age of twelve-years old, pursuant to USSG § 2G2.1(b)(1)(A). PSR ¶¶ 33, 42. Next, the PSR imposed a two-level increase because the offenses involved the commission of a sex act or sexual contact, pursuant to USSG § 2G2.1(b)(2)(A). PSR ¶¶ 34, 43. The PSR imposed a four-level increase because the offense involved materials that depicted sadistic or masochistic conduct, pursuant to USSG § 2G2.1(b)(4)(A). PSR ¶¶ 35, 44. Finally, the PSR imposed a two-level increase because the defendant was a parent, relative, or legal guardian of the minor involved in the offense,

4

or the minor was otherwise in the custody, care, or supervisory control of the defendant, pursuant to USSG § 2G2.1(b)(5).

Due to the grouping, the PSR imposed an additional two-level increase. PSR ¶ 52. This resulted in a total offense level of 46. PSR ¶ 53. Further, the PSR determined the Chapter Four enhancement pursuant to USSG § 4B1.5(b)(1) for a pattern of activity involving sexual misconduct applied, resulting in a total offense level of 51. PSR ¶ 54.

After a three-level reduction for acceptance of responsibility, Scanlan's total offense level was 43.[2] PSR ¶ 57. Combined with a criminal history category III, Scanlan's advisory Guideline range was life imprisonment. PSR ¶ 122. Due to the statutory maximum, the Guideline range became 720 months of imprisonment. *See* USSG § 5G1.2(b); PSR ¶ 122. The PSR noted that the conviction under 18 U.S.C. § 2260A, offense committed by a registered sex offender, mandated a ten-year consecutive sentence to the term of imprisonment imposed on the two production of child pornography counts. PSR ¶¶ 31, 122.

Scanlan objected to the draft PSR. R. Doc. 44. He objected to the four-level increase for sadistic and masochistic conduct. *Id*. He asserted the offense conduct for the production counts did not involve sadistic or

---

[2] The highest possible offense level is 43.

5

masochistic conduct, as the act of fellatio was not "sadistic or masochistic." *Id*. Scanlan asserted that the additional files on his cell phone could not be used to apply the enhancement, as these images were not relevant conduct. *Id*. Further, Scanlan objected to the five-level enhancement under USSG § 4B1.5(b)(1). *Id*. He asserted the correct advisory Guideline range on the two production counts was 360 to 720 months of imprisonment. *Id*. Finally, Scanlan objected to the requirement that he not contact the victims' family members without prior permission from the U.S. Probation Officer, noting this would encompass his own family. *Id*.

The government asserted that the four-level enhancement for sadistic or masochistic conduct was appropriate based both upon the production of child pornography conduct, as well as the other files found on Scanlan's phone. R. Doc. 51. The government noted that the other files on the cell phone included "a video of a prepubescent girl being anally penetrated by an adult with an object. The child is in audible pain." *Id*. The government asserted that disputing that these additional files were relevant conduct would be a breach of the plea agreement. *Id*.

The government also argued that the five-level enhancement under USSG § 4B1.5(b)(1) applied. R. Doc. 51. However, the government noted

6

that the application of this enhancement would not alter the ultimate Guideline range, as the total offense level was still the maximum—43.  *Id.*

The case proceeded to sentencing.   The parties notified the court that they stipulated that Child Victim #1 was prepubescent. Sent. Tr. pp. 5-6. Scanlan maintained his objection to the four-level increase for sadistic or masochistic conduct.   Sent. Tr. p. 5.   The district court overruled the objection, noting the application of the enhancement under these facts was consistent with Eighth Circuit precedent.   Sent. Tr. p. 6.   The court also overruled the objection to the five-level increase under USSG § 4B1.5(b)(1), but acknowledged that it would not impact the advisory Guideline range. Sent. Tr. p. 6.

The court adopted the PSR's calculation of the Guideline range—720 months as to the two production of child pornography counts, and the mandatory 120 consecutive months on the offense committed by a registered sex offender count.   Sent. Tr. p. 7.   The parties agreed to the statutory mandatory minimum on the restitution requests.   Sent. Tr. p. 13.

The parties argued regarding the ultimate sentence. The court ultimately sentenced Scanlan to 840 months of imprisonment.   Sent. Tr. p. 16.   Specifically, the court sentenced Scanlan to 360 months on each production count, and 120 months on the offense committed by a registered

7

sex offender count, all to run consecutively to one another.   Sent. Tr. p. 16.

The district court discussed the reasons for the sentence as follows:

> Pursuant to the provisions of Title 18, United States Code, Section 3553, in determining the sentence that is appropriate, the Court needs to consider the nature and circumstances of the offense and the history and characteristics of the defendant. I have considered all of the factors under Section 3553(a), although it will not be necessary to address all of them in the process of explaining the sentence here today.

> Mr. Scanlan, I understand you've got a rough background, and I understand you've been through a lot yourself, but you are a sexual predator. You're a dangerous guy, and you're a dangerous guy to vulnerable people.

> The Court begins and almost ends with the seriousness of the offense. The offense involving the children that came from online sources is serious enough because it continues to do damage to those children, but what you did under the circumstances of this case so fundamentally violated the trust of these good people and this child, these children, that the seriousness of the offense is overwhelming.

> Anything I do today is going to apply to the deterrence of criminal conduct by others. I need to be concerned about protecting the public from further crimes that you might commit, and it's obvious in this record that there is a huge danger that you will commit further crimes, very serious crimes.

> Accordingly, based upon the Court's review of the criteria set forth in Title 18, United States Code, Section 3553, and the unique circumstances of this case, it is the judgment of the Court that the defendant, Andrew Scott Scanlan, is hereby sentenced to the custody of the Bureau of Prisons for a term of 840 months, consisting of 360 months on each of Counts 2 and 3 consecutive and 120 months consecutive on Count 6.

8

Sent. Tr. pp. 15-16.

The court also imposed the challenged special condition of supervised release, as follows: You must not contact the victim(s), nor the victim's family without prior permission from the U.S. Probation Officer.   Sent. Tr. p. 17; Add. p. 5.   The district court did not take argument on this special condition, and did not state the basis for imposing the special condition.   *See* Sent. Tr. p. 17.   Scanlan now appeals.

Appellate Case: 22-1615     Page: 15     Date Filed: 07/18/2022 Entry ID: 5178218

## SUMMARY OF THE ARGUMENT

Scanlan raises three arguments on appeal. First, he challenges his 840 month sentence as unreasonable, as a lesser sentence would have been sufficient punishment under the circumstances.

Next, Scanlan asserts the district court abused its discretion in imposing a special condition of supervised release that required him to obtain prior permission before having any contact with the victims' family. Scanlan is related to the victims, and therefore, this condition would cover most of his family. Scanlan requested a more narrowly tailored condition, and the district court erred in refusing the request.

Relatedly, the district court committed plain error in failing to conduct an individualized inquiry as to why the broad condition was warranted. This Court should strike the condition and reverse for the district court to draft a more narrowly tailored condition.

Appellate Case: 22-1615    Page: 16    Date Filed: 07/18/2022 Entry ID: 5178218

# ARGUMENT

## I. SCANLAN'S DE FACTO LIFE SENTENCE IS SUBSTANTIVELY UNREASONABLE BECAUSE THE COURT FOCUSED ALMOST EXCLUSIVELY ON THE SERIOUSNESS OF THE OFFENSE.

<u>Standard of Review</u>:

Scanlan challenges his sentence as substantively unreasonable. "A defendant need not object to preserve an attack on the length of the sentence imposed if he alleges only that the District Court erred in weighing the § 3553(a) factors." *United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009).

Scanlan's sentence is reviewed for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Jeffries*, 615 F.3d 909, 910 (8th Cir. 2010); *United States v. Miner*, 544 F.3d 930, 943 (8th Cir. 2008); *United States v. Pizano*, 403 F.3d 991, 995 (8th Cir. 2005). This is the equivalent of an abuse of discretion review. *United States v. Green*, 691 F.3d 960, 966 (8th Cir. 2012) ("We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard."); *accord United States v. Manning*, 738 F.3d 937, 947 (8th Cir. 2014). This "narrow and deferential" review means that only an "unusual case" will warrant a finding of a substantively unreasonable sentence. *United States v. Shuler*, 598 F.3d 444, 447 (8th Cir. 2010).

11

However, substantive reasonableness review is not a "hollow exercise." *United States v. Kane*, 639 F.3d 1121, 1135 (8th Cir. 2011); *see also United States v. Martinez*, 821 F.3d 984, 989-90 (8th Cir. 2016) (reversing sentence because district court erred in finding defendant was a career offender and alternative basis for sentence, specifically an upward variance, resulted in an unreasonable sentence); *United States v. Dautovic*, 763 F.3d 927, 934-35 (8th Cir. 2014) (finding 20-month sentence substantively unreasonable). An extreme sentence that reflects an "unreasonable weighing" of the relevant sentencing factors remains subject to correction on appeal. *Dautovic*, 763 F.3d at 934-35

"A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *Miner*, 544 F.3d at 932.

Merits:

Scanlan respectfully submits that his 840-month sentence, a de facto life sentence, is substantively unreasonable because the district court committed a clear error of judgment in weighing the sentencing factors. The court erred by exclusively focusing on the seriousness of the offense. The

12

court stated: "The Court begins and almost ends with the seriousness of the offense." Sent. Tr. p. 15. But the court was also required to weigh several other factors. The failure to do so requires reverse and remand for resentencing.

The mitigating circumstances of Scanlan's upbringing support that his 840 month sentence is substantively unreasonable. Scanlan had a difficult childhood. He was abandoned by his father, and his stepfather emotionally abused him. PSR ¶ 71. Scanlan was sexually abused by an older male on multiple occasions when he was ten years old. *Id*.

Unsurprisingly, Scanlan turned to drug usage at a young age. Scanlan first smoked marijuana at ten years old. PSR ¶ 97. He started using methamphetamine at 13 years old. PSR ¶ 96. Scanlan's methamphetamine use increased after his mother's death. PSR ¶ 75.

Also as a teenager, Scanlan committed a sex offense against a six-year old he was babysitting. PSR ¶ 59. Scanlan touched the victim's vagina. *Id*. Scanlan noted he was under the influence of methamphetamine when committing his sexual offenses. R. Doc. 50, Def. Ex. A. According to Scanlan's girlfriend, his methamphetamine usage changed Scanlan's personality and mental state. PSR ¶ 75.

13

Scanlan submitted a psychosexual evaluation and report, which was provided to the district court. The district court failed to discuss or even acknowledge the evaluation. This evaluation also supports that the district court abused its discretion in imposing a de facto life sentence. R. Doc. 50, Def. Ex. A. The report notes that Scanlan has had documented struggles with mental health dating to the age of two years old. *Id*. at p. 4. "As a child, Mr. Scanlan would repeatedly become self-abusive by banging his head on hard objects and inserting objects into electrical outlets," and he was, as a child, "engaged in fire-setting" and displayed "extreme defiance." *Id*. He was admitted to the Mental Health Institute under a juvenile Court order for a child in need of assistance at eight years old. *Id*. He then spent four months at the Mental Health Institute. *Id*. Scanlan was then released back into the care of his mother, despite a recommendation from the Mental Health Institute that he be placed in a structured group home setting. *Id*.

As a child, he was diagnosed with ADHD and conduct disorder, with concerns of PTSD. *Id*. The psychosexual evaluation notes that Scanlan reports being abused by an older male as a child, and that he began using drugs at a very young age. *Id*. at p. 5.

The report summarizes the results of the psychological testing and assessments to determine whether Scanlan has a "pedophilic disorder."

14

Pedophilic disorder" is defined as "recurrent, intense sexually arousing fantasies, sexual urges, or behaviors involving sexual activity with a prepubescent child and involves a preferential sexual interest in children." *Id*. at p.6. The assessment determined Scanlan's "sexual offending pattern appears more related to his overall pattern of antisociality, significant substance abuse, and opportunistic nature rather than a pervasive sexual interest in children." *Id*. at p. 7. Combined with other factors –such as a history of a long-term sexual relationship with an adult female, no volunteering with children or engaging in child-focused careers, and no evidence of emotional congruence with prepubescent children – the report determined Scanlan did not meet the criteria for pedophilic disorder. *Id*.

That said, the psychosexual evaluation recognized that Scanlan, given his history and the presence of traits and features of an antisocial personality disorder, is assessed as having a higher risk for sexual recidivism. *Id*. at p.8. The report explains that the Static-99R, an actuarial measure of relative risk for sexual offense recidivism, suggests his risk of reoffending is about 11% over a five-year period at the current time. *Id*. at p.9. That rate reduces to 5.6% when Scanlan is 60 years old, in about 27 years. *Id*. Another dynamic risk test, the STABLE 2007, suggests that Scanlan's risk of recidivism is at a

Appellate Case: 22-1615    Page: 21    Date Filed: 07/18/2022 Entry ID: 5178218

"moderate" level. *Id.* at p.10. Combined, these results place Scanlan as a "moderate" risk, though at the higher end of the moderate category. *Id*

Therefore, based upon Scanlan's abusive childhood and history of mental health and substance abuse issues, his sentence of 840 months of imprisonment is substantively unreasonable.

## II. THE SPECIAL CONDITION OF SUPERVISED RELEASE REQUIRING PERMISSION BEFORE CONTACTING THE VICTIMS' FAMILY IS AN ABUSE OF DISCRETION.

Standard of Review:

This Court "review[s] special conditions for abuse of discretion." *United States v. Deatherage*, 682 F.3d 755, 757 (8th Cir. 2012). However, because this Court is "particularly reluctant to uphold sweeping restrictions on important constitutional rights," de novo review is applicable to Scanlan's challenge. *United States v. Kelly*, 677 F.3d 373, 376 (8th Cir. 2012).

Merits:

The district court has authority to order discretionary conditions of supervised release that are "reasonably related" to any of the several familiar goals of criminal sentencing. *United States v. Forde*, 664 F.3d 1219, 1222 (8th Cir. 2012); 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), 3553(a)(2)(B-D); see also USSG § 5D1.3. However, the law imposes a tailoring requirement: the discretionary conditions must work "no greater deprivation of liberty than is

16

reasonably necessary" to deter criminal conduct, protect the public, and provide the defendant with needed care, treatment and training. 18 U.S.C. §§ 3583(d)(2), 3553(a)(2)(B-D).

At issue here is the district court's imposition of the following special condition: You must not contact the victim(s), nor the victim's family without prior permission from the U.S. Probation Officer. Add. p. 5. Scanlan did not request that the proposed condition be struck entirely. Instead, he noted that the condition needed to be more narrowly tailored. Because Scanlan is related to the victims, this special condition, as written, would require Scanlan to obtain prior permission before he contacted most, if not all, members of his own family. Scanlan proposes that the special condition be tailored to the victims and their immediate family.

The special condition, as written, was imposed without evidence of its need and is not reasonably related to the familiar goals of sentencing. It is unclear why Scanlan is prohibited from contacting all members of the victims' family, no matter how distantly related.

Further, the condition involves a greater deprivation of liberty than necessary. Conditions that restrict fundamental freedoms must be carefully drawn and circumscribed. *See United States v. Camp*, 410 F.3d 1042, 1045 (8th Cir. 2005); *United States v. Scott*, 270 F.3d 632, 635 (8th Cir. 2001).

17

The special condition here interferes with Scanlan's constitutional right to maintain familial relationships. In general, "special conditions that interfere with the right of familial association can do so only in compelling circumstances." *United States v. Smith*, 606 F.3d 1270, 1284 (10th Cir. 2010). The court did not discuss the need for a far-reaching prohibition on family contact.

The special condition is not saved because contact is permitted with U.S. Probation Officer approval. The condition provides the U.S. Probation Office with "unconditional and unlimited authority to regulate [Scanlan's familial] relationships." *Dawson v. State*, 894 P.2d 672, 681 (Alaska Ct. App. 1995).

Further, because the condition covers family, potentially no matter how distantly related, it is impermissibly vague. A governmental restriction can be impermissibly vague "if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). A condition must also provide adequate notice as to what conduct is prohibited. *United States v. Ristine*, 335 F.3d 692, 695 (8th Cir. 2003).

This Court must reverse and remand, ordering the district court to draft a more narrowly tailored condition of supervised release.

18

### III. THE DISTRICT COURT COMMITTED PLAIN ERROR BY FAILING TO CONDUCT AN INDIVIDUALIZED INQUIRY INTO THE SPECIAL CONDITION OF SUPERVISED RELEASE ON FAMILY CONTACT.

Standard of Review:

While Scanlan objected to the special condition of supervised release, he did not object to the district court's failure to make an individualized finding regarding the special condition. When a defendant "fails to timely and specifically object" to a special condition of supervised release, review is for plain error. *United States v. Simons*, 614 F.3d 475, 478 (8th Cir. 2010). "Plain error occurs if the district court deviates from a legal rule, the error is clear under current law, and the error affects the defendant's substantial rights." *United States v. Ristine*, 335 F.3d 692, 694 (8th Cir. 2003).

Merits:

"When crafting a special condition of supervised release, the district court must make individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." *United States v. Forde*, 664 F.3d 1219, 1222 (8th Cir. 2012) (internal quotation marks and citation omitted) (emphasis added); *United States v. Thompson*, 777 F.3d 368, 376 (7th Cir. 2015) (holding that the requirement that a district court

Appellate Case: 22-1615     Page: 25     Date Filed: 07/18/2022 Entry ID: 5178218

state reasons for its sentence include reasons for the conditions of supervised release).

Here, despite the objection to the special condition of supervised release as too wide reaching, the district court imposed the condition without any analysis whatsoever. Sent. Tr. p. 17. The district court did not discuss why the special condition was necessary, and why it declined to narrow the special condition, as requested.

For the reasons argued in section II, this error affected Scanlan's substantial rights. Scanlan can show a "reasonable probability" that the district court would not have imposed the condition, as written, after the required individualized assessment. The condition infringes on Scanlan's right to familial association and is too far reaching.

## CONCLUSION

For all the above reasons, Scanlan respectfully requests that this Court reverse and remand for resentencing.

Respectfully submitted,

*/s/ Heather Quick*
Heather Quick, Asst. Federal Defender
Appellate Chief
Federal Public Defender's Office
222 Third Avenue SE, Suite 290
Cedar Rapids, IA 52401
PHONE: (319) 363-9540
FAX: (319) 363-9542

20

**CERTIFICATE OF FILING AND SERVICE**

I certify that on July 18, 2022, I electronically filed the foregoing brief and addendum with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users were served by the CM/ECF system. The brief and addendum were scanned for viruses using Trend Micro Apex 12.500.1004. I also certify that after receipt of notice that the brief and addendum are filed, I will serve a paper copy of this brief on defendant-appellant by mailing him a copy at USP Tucson, U.S. Penitentiary, P.O. Box 24550, Tucson, AZ 85734. I further certify that after receipt of notice that the brief and addendum are filed, I will transmit 10 paper copies of the brief and addendum to the Clerk of Court via Federal Express and 1 paper copy to the appellee via regular mail as noted below.

Respectfully submitted,

*/s/ Heather Quick*
Heather Quick, Asst. Federal Defender
Appellate Chief
Federal Public Defender's Office
222 Third Avenue SE, Suite 290
Cedar Rapids, IA 52401
PH: (319) 363-9540
FAX: (319) 363-9542

Copy to:
Adam J. Kerndt, AUSA
U.S. Attorney's Office
110 E. Court Avenue, Suite 286
Des Moines, IA 50309

21

## Fed. R. App. P. 32(a)(7) AND 8th CIR. RULE 28A(c)

## CERTIFICATION

I certify that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7). The brief uses a proportional space, 14 point Georgia font. Based on a line count under Microsoft Word Version 16.0.5317.1000, the brief contains 435 lines and 4,056 words, excluding the table of contents, table of authorities, any addendum, and certificates of counsel.

Respectfully submitted,

*/s/ Heather Quick*
Heather Quick, Asst. Federal Defender
Appellate Chief
Federal Public Defender's Office
222 Third Avenue SE, Suite 290
Cedar Rapids, IA 52401
PH: (319) 363-9540
FAX: (319) 363-9542

22